Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHARMING BEATS LLC,

Plaintiff,

v.

PENGUIN RANDOM HOUSE LLC,

Defendant.

-----------------------------------------------------------------x

Case No.: 23-cv-3946

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant PENGUIN RANDOM HOUSE LLC, for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.      This Court has specific jurisdiction over defendant which is domiciled in this

Judicial District.

## VENUE

3.      At bar, a substantial part of the events or omissions giving rise to the claim

occurred in this Judicial District and venue is proper in this Judicial District pursuant to 28

U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

4.      There are no due process concerns in light of the fact that defendant resides in this

Judicial District.

## PARTIES

5.      Plaintiff CHARMING BEATS LLC is a limited liability company existing and

organized under the laws of the State of Florida with a headquarters located at 75-10 197th St,

2nd Floor, Flushing, NY 11366.

6.      Upon information and belief, defendant PENGUIN RANDOM HOUSE LLC

("PRH") is a limited liability company organized and existing under the laws of Delaware and

maintains its principal place of business at 1745 Broadway, New York, NY 10019.  RANDOM

HOUSE can be served through its agent at Corporation Service Company 80 State Street,

Albany, NY 12207.

## FACTS

7.      Plaintiff is the sole owner by assignment of an original musical composition and

recording titled *Signaling Through the Flames* - U.S. Copyright Registration No. SR 708-500

(the "Copyrighted Track"). See **Exhibit 1.**

8.      The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

9.      Defendant PRH is one of the largest publishing companies in the world, with more than 10,000 employees and offices in more than a dozen countries.

10.     Defendant created a video advertisement titled: "The Age of Miracles by Karen Thompson Walker" and, alternatively, "The Age of Miracles by Karen Thompson Walker pb" (the "Infringing Advertisement").

11.     Defendant, without license or authority, reproduced and synchronized the Copyrighted Track to the Infringing Advertisement.

12.     Defendant, without license or authority, distributed the Infringing Advertisement to YouTube (and possibly other third-party Internet service providers) where the Infringing Video was, and is, publicly displayed on defendant's YouTube page located at <www.youtube.com/watch?v=9JDnSiVFc0U> and <www.youtube.com/watch?v=7G1sItpm0vY>.

13.     The Infringing Advertisement has been viewed tens of thousands of times, and the Infringing Advertisement has been embedded in numerous third-party websites. See, e.g., <www.thebookbag.co.uk/reviews/The_Age_of_Miracles_by_Karen_Thompson_Walker>; <https://guides.newman.baruch.cuny.edu/ageofmiracles>, and <www.teachingbooks.net//booktrailer.cgi?id=1414>.

14.     At no time did the defendant have the right to use the Copyrighted Track in any manner.

15.     Defendant infringed plaintiff's rights to the Copyrighted Track as set forth in 17 U.S.C. § 106.

16.     As a direct and proximate result of defendant's acts of infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct and indirect profits concerning the Infringing Advertisement in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) of up to $150,000, plus costs, interest, and reasonable attorneys' fees.

## NOTICE

17.     On or about May 5, 2023, plaintiff served a demand to cease-and-desist on defendant. See **Exhibit 2**.

18.     Defendant responded on May 5, 2023, acknowledging receipt of the demand to cease-and-desist.

19.     Defendant elected to ignore the cease-and-desist continue to infringe.

20.     Previously, defendant was informed by YouTube that the musical content in the Infringing Advertisement belonged to plaintiff.

21.     Defendant elected to ignore the YouTube notice.

22.     As of the date of this Complaint, the Infringing Advertisement is still active and available to the public on defendant's YouTube page.

23.     Defendant's failure to comply with the separate notices from plaintiff, YouTube, and plaintiff's counsel evidences its intent to infringe.

24.     The callous disregard the defendant has for its legal responsibilities can only be addressed by an award at the top of the statutory scale.

## DUE DILIGENCE

25.     Until in or around April 2020, plaintiff conducted numerous searches of YouTube each year, with the help of a third-party, looking for unlicensed uses of its copyrighted recordings and compositions.  The defendant's Infringing Advertisement did not appear in any of the prior searches.

26.     In April 2020, plaintiff retained a new agent to search YouTube for unlicensed content.

27.     The Infringing Advertisement appeared in the first report in April 2023.

28.     It was not possible to identify defendant's Infringing Advertisement in the sea of 156,000,000 million hours of videos on YouTube.

## DMCA VIOLATIONS

29.     Defendant removed and failed to include the copyright management information ("CMI") associated with the Copyrighted Track.  Specifically, the Infringing Advertisement omits the Copyrighted Track' title, album name, author, label, and copyright owner.

30.     Defendant removed the CMI with the intent to conceal its infringing conduct.

31.     Defendant's removal and/or failure to include any copyright management information after notice is a violation of 17 U.S.C. § 1202 – the DMCA.

32.     Defendant refused to include the CMI despite numerous notices.  This is a separate violation of 17 U.S.C. § 1202.

33.     Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

34.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

35.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

36.     Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisement.

37.     Defendant created and displayed the Infringing Advertisement for the sole purpose of advertising its book with the intent to generate additional income.

38.     Defendant refused to cease-and-desist after demands from YouTube and plaintiff's counsel.

39.     Defendant's use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

40.     Defendant's use was not transformative.

41.     Defendant elected to reproduce, synchronize, publicly display, and/or distribute plaintiff's Copyrighted Track, using a substantial portion of the Track, without a license.

42.     The Copyrighted Tracks is synchronized to the entirety of the 1:33 of the Infringing Advertisement.

43.     As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct and indirect profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest,

and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to

17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000 plus costs,

interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

44.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if

set forth at length here.

45.     Plaintiff always distributes its copyrighted recordings, including the Copyrighted

Track here, with copyright management information including the title, author, label, and

copyright owner.

46.     Defendant could not have obtained a copy of the master recording for the

Copyrighted Track without this information.

47.     Master recordings are tightly controlled by plaintiff to prevent unauthorized

commercial use – like the infringing use at issue here.

48.     A master recording is an authenticated and unbroken version of a musical

recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it

sounded in the mastering suite.

49.     Defendant's Infringing Advertisement is synchronized to a very high-resolution

copy of the Copyrighted Track.  This high-resolution version cannot be obtained without

copyright management information being included.

50.     Defendant removed plaintiff's CMI, and then copied, synchronized, publicly

displayed, and distributed the Copyrighted Track.

51.     Defendant failed to include any information which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track after multiple notices.

52.     Defendant did the forgoing with the intent to conceal the infringement.

53.     Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

54.     Defendant violated the DMCA by failing to correct the CMI after multiple notices.

55.     Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000 plus its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1.     restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2.     compensatory damages in an amount to be ascertained at trial;

3.     statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.     an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5.     reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.     pre- and post-judgment interest to the extent allowable; and,

7.     such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 11, 2023
     New York, New York

**GARBARINI FITZGERALD P.C.**

By:_____

    Richard M. Garbarini (RG 5496)